**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **PLINTRON TECHNOLOGIES USA LLC,** | § | |
| | § | |
| **Movant** | § | **Misc. Case No.** _____ |
| | § | |
| **v.** | § | (Related to No. 2:24-cv-00093-MJP in the United States Western District of Washington) |
| | § | |
| **PATRIOT MOBILE LLC,** | § | |
| | § | |
| **Respondent** | § | |

<u>**PLINTRON TECHNOLOGIES USA LLC'S MOTION TO COMPEL SUBPOENA COMPLIANCE**</u>

Pursuant to Federal Rules of Civil Procedure 30, 34, 37, and 45, Plintron Technologies USA LLC ("***Movant***") files this Motion to Compel Subpoena Compliance (the "***Motion***") against Patriot Mobile LLC ("***Patriot***"). In support, Movant would show the Court as follows:

**<u>INTRODUCTION</u>**

This matter arises from Patriot's failure to comply with an out-of-state subpoena issued in connection with a lawsuit filed in the United States District Court for the Western District of Washington at Seattle, Case No. 2:24-cv-00093-MJP, captioned as *Plintron Technologies USA LLC v. Joseph Phillips, Richard Pelly, Thomas Matthew, Greg McKervey, and Desiree Michelle Gray. See generally*, Ex. 1.

Almost six months ago, on November 11, 2024, Movant properly served non-party Patriot with a Subpoena to Testify at a Deposition and Production of Documents (the "***Subpoena***"). *See generally* Exs. 2, 3. The Subpoena seeks documents and testimony from an appropriate representative that is directly (and highly) relevant to the claims at issue in this action. To date, Patriot has failed to produce any responsive documents or otherwise confirm that it will make its representative available for the requested deposition.

While originally indicating that it intended to make a representative available, to produce responsive documents, and repeatedly reassuring Movant that it was in the process of performing that review and production, Patriot has since stopped responding to Movant's inquiries about the status of the production or even to further meet and confer about the Subpoena. *See* Ex. 4 at APP 150-66; Ex. 5, Declaration of Randall Thomsen ["**Thomsen Dec.**"] at ¶¶ 4-6 (APP 171). Patriot's complete failure to produce responsive documents and produce a suitable representative for a deposition—and subsequent failure to respond to multiple communications regarding the status of its production—has left Movant no choice but to bring this Motion to compel Patriot's compliance with the Subpoena.

For these reasons, and as fully set forth below, the Court should grant Movant's Motion and order Patriot to comply with the Subpoena by (i) producing responsive documents within seven (7) days of the Court's order and (2) ordering Patriot to make its corporate representative(s) available within the next thirty (30) days for a deposition on the topics identified in the Subpoena (and provide its availability for such deposition within five (5) days of the Court's order).

## FACTUAL AND PROCEDURAL BACKGROUND

### A.      The Underlying Lawsuit

Movant is a Mobile Virtual Network Aggregator ("*MVNA*"), providing access from Mobile Network Operators such as T-Mobile US, Inc., to several small Mobile Virtual Network Operators ("*MVNOs*"). An MVNO is a wireless communications services provider that does not own the wireless network infrastructure over which it provides services to its customers, whom are cell phone users.  Patriot is an MVNO that previously contracted with Movant.

On January 1, 2024, Movant filed its complaint against Defendants in the Western District of Washington. *See generally* Ex. 1. Defendants are the Movant's former CEO and officers and

employees who engaged in a broad scheme while employed at Movant to start a competing MVNA business and in which they diverted millions of dollars from Movant to themselves.  Based on Defendants' breaches of their fiduciary duties and outright fraud, Movant is seeking recovery of the harm caused by Defendants' improper conduct.

As detailed in the complaint, Defendants schemed for years to start several companies while still employed at Movant to compete against Movant by using Movant's proprietary and confidential information, company resources, and to steal Movant's customers, including Patriot. Defendants simultaneously funneled money from Movant and its customers to entities owned by the several of the Defendants—entirely without Movant's knowledge—that resulted in the unlawful diversion of millions of dollars. Defendants also altered Movant's customer contracts to allow Defendants' companies to easily divert business from Movant. While there are different claims (as set forth in the Complaint) and evidentiary threads to support those claims, the case at heart is very simple: while Defendants were Movant's employees, they engaged in outright fraud by stealing Movant's funds and using Movant's resources and money to start their own competing companies.

As to Patriot specifically, and again during the Defendants' employment with Movant, Defendants intentionally and improperly interfered with Movant's business relationship with Patriot by soliciting Patriot to abandon Movant as its customer and to contract with Defendants' new company.

### B.    The Patriot Subpoena

In an effort to obtain highly relevant material to the case, on November 8, 2024, Movant served Patriot with the Subpoena that sought the testimony of an authorized representative from Patriot and relevant documents on December 9, 2024. *See* Exs. 2, 3.  On December 10, 2024,

Patriot's counsel emailed Movant regarding limiting the scope of the document production. *See* Ex. 4 at APP 163-165. The parties discussed the limitations and by December 30, 2024, there was a meeting of the minds on exactly what documents Patriot would be producing. *See Id*. at APP 161.

Though the month of January, Movant followed up with Patriot's counsel on the status of the production. *See Id*. at APP 160-161. In response, Patriot's counsel confirmed that they will produce the documents by February 2025. *See Id*. at APP 161. Since March 13, 2025, Movant repeatedly has reached out via email and phone calls to Patriot's counsel to determine the status of the production of documents. *See Id*. at APP 150-152. However, Patriot has stopped responding altogether and has failed to produce any documents or otherwise confirm when it would make its representative available. *See* Ex. 5, Thomsen Dec., at ¶¶ 5-6 (APP 171). With the discovery deadline approaching in the underlying litigation, it is imperative that Movant obtain both the requested documents and the deposition testimony as required by the Subpoena.

The documents in Patriot's possession, custody and control are unavailable to Movant. Likewise, the testimony that Patriot's representative would provide is unavailable from any other deponent. Both the document requests and the subject areas identified for Patriot's authorized representative in the Subpoena are tied directly to the transactions and events that gave rise to this lawsuit. Movant respectfully requests the Court order Patriot to produce documents within seven (7) days and to make its authorized representative available for deposition.

**ARGUMENTS AND AUTHORITIES**

Patriot has failed to provide responsive documents or make its representative available as required by Movant's validly-issued Subpoena. Rule 45 provides that "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is

required for an order compelling production or inspection." FED. R. CIV. P. 45(d)(2)(B)(i). Movant, therefore, requests this Court to enter an order compelling Patriot's compliance with the Subpoena.

### A.    This is the Proper Court.

The Subpoena commanded Patriot to produce documents and attend a deposition at Veritext LLC, 600 North Pearl Street, Suite 2230, Dallas, Texas 75201 on December 9, 2024. *See* Ex. 2, at APP 68; *see* FED. R. CIV. P. 45(C) (requiring a subpoena command any production of documents and attend a deposition within one hundred miles of where the individual served resides, is employed, or regularly transacts business in person).

The jurisdictional reach of this Court (the United States District Court for the Northern District of Texas, Dallas Division) encompasses the location where the Subpoena commanded document production and the deposition (Dallas) (*see* Ex. 2 at APP 68) and the location where Patriot was served with the Subpoena (Dallas) (*see* Ex. 3 at APP 148). Accordingly, this Motion is properly filed in this Court as required by Rules 37(a)(2) and 45(d)(2)(B)(i), (g).

### B.    Movant Properly Served the Subpoena.

Patriot is a limited liability company and is properly served "under the laws of Texas or by delivering a copy of the summons and of the complaint to the officer, a managing or general agent, or any other agent authorized to receive service of process." *Gray Casualty & Surety Co. v. 3i Contracting LLC*, No. 3:23-CV-2511-L, 2024 WL 1121800, at *15 (N.D. Tex. Mar. 13, 2024) (*quoting* FED. R. CIV. P. 4(h)(1)) (internal quotation marks omitted). Texas law authorizes service on a limited liability company's manager or registered agent. *See* TEX. BUS. ORGS. CODE § 5.255(3); *see also Gray Casualty*, 2014 WL 1121800 at *15.

Here, the Proof of Service evidences that service was made by a process server, who was at least 18 years old and not a party to this action. *See* Ex. 3 at APP 148. Furthermore, the Subpoena

was served on Patriot's registered agent. *See Id*. And Patriot, in fact, received the Subpoena as evidenced by its counsel's emails discussing the Subpoena. *See, e.g.*, Ex. 4 at APP 166.

### C.    Patriot Failed to Comply.

Under Rule 34, "[a]s provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection." FED. R. CIV. P. 34(c). According to Rule 45, a non-party has fourteen days from service of the subpoena to serve its objections to any requests for production. FED. R. CIV. P. 45(d)(2)(B).

Movant served the Subpoena on November 11, 2024. The Subpoena commanded Patriot to serve its document production and attend a deposition on December 9, 2024. *See* Ex. 3 at APP 148; Ex. 2 at APP 68. To date, Patriot has failed to produce responsive documents or make its representative(s) available for a deposition, pursuant to the Subpoena.

Movant has gone to great lengths to attempt to cooperate with Patriot and avoid the necessity of this Motion, but Patriot has ignored Movant's attempts without any justification. *See* Ex. 5, Thompson Dec., at ¶¶ 5-6 (APP 171); *see generally* Ex. 4 at APP 150-66. Since December 30, 2024, Movant's counsel has sent no less than five emails to Patriot, along with at least five phone calls. *See* Ex. 5, Thomsen Dec., at ¶ 5 (APP 171); Ex. 4 at APP 150-152. Despite stating that it would produce documents on multiple occasions and make its representative available for a deposition, Patriot is now not responding to any communications at all. *See Id*.

Further, Patriot did not move to quash or serve any written objections to the Subpoena by its November 25, 2024, deadline. *See* FED. R. CIV. P. 45(d)(2)(B). As such, Patriot has waived any and all objections it may assert regarding the Subpoena. *See Am. Fed'n of Musicians of the U.S. & Canada v. Skodam Films, LLC*, 313 F.R.D. 39, 43 (N.D. Tex. 2015) ("The failure to serve written objections to a subpoena within the time specified by Rule [45(d)(2)(B)] typically constitutes a

waiver of such objections, as does failing to file a timely motion to quash.") (internal quotations and citations omitted). Notwithstanding, in an effort to cooperate with Patriot, Movant agreed to certain limitations of the Subpoena's scope. *See* Ex. 4 at APP. 163-66. Despite this agreement, Patriot has failed and refused to do as it promised—produce documents and sit for a deposition. Patriot has not asserted any objections (any such objections are waived, in any event).

Patriot has no excuse for its failure to comply, and therefore this Court should order Patriot to produce all responsive documents within seven (7) calendar days and make its representative available for the requested deposition.

**<u>CONCLUSION</u>**

WHEREFORE, based on the foregoing, Movant requests that the Court enter an order directing Patriot to promptly (within seven (7) calendar days) (1) produce to Movant all responsive documents; (2) to make its authorized representative available within the next thirty (30) days for a  deposition on all the topics identified in the Subpoena; and (3) provide its availability for such deposition within five (5) days of the Court's order.

Dated: May 5, 2025                    Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By:    */s/ Justin D. Hanna*
       Justin D. Hanna
       Texas Bar No. 24095726
       2200 Ross Avenue, Suite 4200W
       Dallas, Texas 75201
       Telephone: 214-721-8000
       Facsimile: 214-721-8100
       Emajustin.hanna@bclplaw.com

**ATTORNEY FOR PLINTRON
TECHNOLOGIES USA LLC**

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Movant has attempted to confer with Patriot's counsel, Christian Ellis at Bonds Ellis Eppich Schafer Jones LLP, on numerous occasions regarding Patriot's failure to comply with the Subpoena—the last attempt being April 25, 2025. Mr. Ellis previously indicated to our firm that he was retained by the Patriot Mobile LLC. While Mr. Ellis has previously communicated with our firm about producing documents, he has not responded to our attempts to confer. Our attempts to confer are documented within Randall Thomsen's Declaration included as Exhibit 5 to the Appendix in Support of this Motion.  Accordingly, we presume this Motion to Compel is OPPOSED.

*/s/ Justin D. Hanna*
Justin D. Hanna

## CERTIFICATE OF SERVICE

I hereby certify that, on May 5, 2025, a true and correct copy of the foregoing motion was served via email to the following counsel for Patriot Mobile LLC:

Christian Ellis
ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton, Suite 1000
Fort Worth, Texas 76102
Telephone:    (817) 405-6904
Email:    christian@bondsellis.com

*/s/ Justin D. Hanna*
Justin D. Hanna