IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PLINTRON TECHNOLOGIES USA LLC, § § | | |
| Movant, § | | |
| § | | |
| v. § | | No. 3:25-MC-28-G-BW |
| § | | |
| PATRIOT MOBILE LLC, § | | |
| Respondent. § | | |

## **MEMORANDUM OPINION AND ORDER**

On May 5, 2025, Movant Plintron Technologies USA LLC filed a Motion to Compel Subpoena Compliance, requesting enforcement of a subpoena served on Patriot Mobile LLC pursuant to Fed. R. Civ. P. 45, requiring the production of documents in this district. (Dkt. No. 1 ("Motion").) The Motion is accompanied by an Appendix.[1] (Dkt. No. 2.) United States Senior District Judge A. Joe Fish referred this matter to the undersigned magistrate judge for case management under 28 U.S.C. § 636(b). (Dkt. No. 4.) Patriot has not filed a response; nor has it moved to quash or filed any objections to the Subpoena.

Having considered the Motion, the evidence submitted in support thereof, and the record of this case, the Court **GRANTS** Plintron's Motion to Compel Subpoena Compliance (Dkt. No. 1).

---

[1] The Court cites materials in the Appendix by Exhibit ("Ex.") number or Appendix (App.) page number.

## I. BACKGROUND

This matter arises from Patriot's failure to comply with a Subpoena issued in connection with a lawsuit filed in the United States District Court for the Western District of Washington at Seattle, Case No. 2:24-cv-00093-MJP, captioned as *Plintron Technologies USA LLC v. Joseph Phillips, Richard Pelly, Thomas Matthew, Greg McKervey, and Desiree Michelle Gray*. Dkt. No. 2, Ex. 1.)  Plintron avers that it has been trying to obtain the discovery sought in the Subpoena since November 11, 2024, when it properly served Patriot with the Subpoena. (*See* Dkt. No. 1 at 3; *see also* Dkt. No. 2 (Appendix ("App."), Ex. 2 (Copy of Subpoena).)  The Subpoena commanded Patriot to serve its document production and attend a deposition on December 9, 2024. (*See* Ex. 3 at App. 148; Ex. 2 at App. 68.)  To date, Patriot has failed to produce responsive documents or make its representative(s) available for a deposition, pursuant to the Subpoena.

On May 8, 2025, this Court entered an order directing Patriot to submit a response to the motion by May 27, 2025. (Dkt. No. 5 (the "May 27 Order").)  Patriot failed to comply.  Plintron has since filed a "reply" in which it represents that, despite having served Patriot through both its counsel and registered agent, Patriot has not filed any response to the motion and has not contacted Plintron to request an extension of its deadline. (Dkt. No. 7 at 1-2.)  As such, Patriot has failed to file any timely response opposing the Motion, as required by either the May 27 Order or Local Rule 7.1 (e).  As Plintron points out, even under a liberal reading of Local

Rule 7.1, construing Patriot's response deadline as being 21 days from the date of personal service on May 12, 2025, Patriot's deadline of June 2, 2025 has expired.

Thereafter, on June 5, 2025, the Court issued an order (the "June 5 Order") directing Plintron to deliver copies of the motion to compel (Dkt. No. 1) and the order to Patriot by serving them on Patriot's registered agent no later than June 10, 2025, and to promptly thereafter file proof that the documents have been delivered to Patriot. (*See* Dkt. No. 8 at 1-2.) The Court further ordered Patriot to file a response to the motion to compel that complies with applicable rules—including Northern District of Texas Local (Civil) Rules 7.1 and 7.2—no later than June 27, 2025. (*Id.* at 2.) Patriot did not file a response.

## II. LEGAL STANDARDS AND ANALYSIS

"Federal Rule of Civil Procedure 45 'explicitly contemplates the use of subpoenas in relation to non-parties' and governs subpoenas served on a third party, such as [Patriot], as well as motions to quash or modify or to compel compliance with such a subpoena." *Am. Fed'n of Musicians of the United States & Canada v. Skodam Films, LLC*, 313 F.R.D. 39, 42 (N.D. Tex. 2015) (quoting *Isenberg v. Chase Bank USA, N.A.,* 661 F. Supp. 2d 627, 629 (N.D. Tex. 2009)).

Under Rule 45, "[a] subpoena may command: (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A); *see also* Fed. R. Civ. P. 45(a)(1)(C) ("A command to

produce documents, electronically stored information, or tangible things or to permit the inspection of premises...may be set out in a separate subpoena."). Rule 45(a)(1)(C) further provides that "[a] subpoena may specify the form or forms in which electronically stored information is to be produced." Fed. R. Civ. P. 45(a)(1)(C).

Rule 45(d)(2)(B) requires that "[a] person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested"—and that "[t]he objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). "'The serving party may agree to extend the deadline to respond to a subpoena, including the deadline to serve written objections.'" *Am. Fed'n*, 313 F.R.D. at 43 (quoting *Shaw Group, Inc. v. Zurich Am. Ins. Co.*, Civ. A. No. 12-257-JJB-RLB, 2014 WL 1783955, at *4 (M.D. La. May 5, 2014)).

Here, the record establishes that on November 11, 2024, the Subpoena was properly served on Patriot's registered agent[2] (*see* Ex. 3, App, 148), and the record

---

[2] Patriot is a limited liability company and is properly served "under the laws of Texas or by delivering a copy of the summons and of the complaint to the officer, a managing or general agent, or any other agent authorized to receive service of process." *Gray Casualty & Surety Co. v. 3i Contracting LLC*, No. 3:23-CV-2511-L, 2024 WL 1121800, at *15 (N.D. Tex. Mar. 13, 2024) (quoting Fed. R. Civ. P. 4(h)(1)) (internal quotation marks

further establishes that Patriot did in fact receive the Subpoena, as evidenced by emails from Patriot's counsel, Chrisian Ellis, discussing the Subpoena (*see, e.g.*, Ex., App. 166). (*See* Motion at 5-6.) The record also reflects that Plintron has attempted to cooperate with Patriot to avoid the necessity of this Motion, attempts which Patriot seemingly has ignored. (*See* Ex. 5, App. 171; Ex. 4, App. 150-66.) Since December 30, 2024, Plintron's counsel has sent several emails to Patriot, along with at least five phone calls, and despite stating on multiple occasions that it would produce documents and make its representative available for a deposition, Patriot is no longer responding to Plintron's communications at all. (*See* Ex. 5, App. 171; Ex. 4, App. 150-152.)

With respect to the present Motion, Plintron has established that it served the Motion and Appendix on Patriot's counsel, Christian Ellis, as well as all counsel of record in the underlying litigation in Washington federal court. (*See* Dkt. 6.) After receiving no response to the service email, Plintron engaged a process server, who on May 12, 2025, personally served the Motion and Appendix on Patriot through its registered agent for service and also through Mr. Ellis, as Patriot's attorney. (*See* Dkt. Nos. 6, 6-1, 6-2.) Then, on June 9, 2025, in compliance with the Court's June 5 Order, Plintron filed proof that on June 5, 2025, it served copies of the Motion, the

---

omitted). Texas law authorizes service on a limited liability company's manager or registered agent. *See* Tex. Bus. Orgs. Code § 5.255(3); *see also Gray Casualty*, 2014 WL 1121800 at *15.

Appendix, the Subpoena, and the June 5 Order on Patriot's registered agent. (*See* Dkt. No. 9.)

Patriot did not file a response to the motion to compel by June 27, 2025, as directed in the June 5 Order (*see* Dkt. No. 8), and it has not timely served any objections or responses, nor has it filed a motion for protective order or motion to quash the subpoenas. "A failure to file objections results in the waiver of the same unless there are unusual circumstances present or good cause is shown." *Perez v. Boecken*, No. SA-19-CV-00375-XR, 2020 WL 2733954, at *3 (W.D. Tex. May 26, 2020) (citing *Am. Fed'n*, 313 F.R.D at 43).

Upon review of the Motion, the Appendix, and the entire record in this case—and lacking any response from Patriot—the Court concludes that the information sought in the Subpoena is relevant and proportionate to the needs of this case, *see* Fed. R. Civ. P. 26(B)(1), and that Patriot, by failing to move to quash the Subpoena or for a protective order, and failing to respond to the Subpoena in any way, has waived its ability to oppose the Subpoena. Accordingly, the Court finds that an order compelling Patriot to comply with the Subpoena is warranted.

### III.  CONCLUSION

For the reasons stated above, Movant Plintron Technologies USA LLC's Motion to Compel Subpoena Compliance (Dkt. No. 1) is **GRANTED**.

Within ten (10) days of this Order, Respondent Patriot Mobile LLC is **ORDERED** to produce to Movant, at randall.thomsen@bclplaw.com for electronic

documents, and at the address set forth in the Subpoena for non-electronic documents, all responsive documents in Patriot Mobile LLC's possession, custody, or control that is responsive to the Subpoena.

Respondent Patriot Mobile LLC is **FURTHER ORDERED** to appear, through one or more designated representatives, for a deposition on all topics identified in the Subpoena within 30 days of this order and to provide to Movant's counsel availability for such deposition within five days of this order.

**SO ORDERED** on July 25, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE